UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
FRANCISCO CASTRO,                              )     **AMENDED**
                                               )     **COMPLAINT**
                    Plaintiff,                 )
                                               )     **JURY TRIAL DEMANDED**
        -against-                              )
                                               )     14 Civ. 2337(RMB)(JLC)
THE CITY OF NEW YORK,                          )
ANDY URENA, JAMES APOSTOLOU, JOHN              )
and JANE DOES, and JOHN and JANE ROES,         )
                                               )
                                               )
                    Defendants.                )
----------------------------------------------------------------X

## PRELIMINARY STATEMENT

1. This is a civil rights action in which the plaintiff seeks relief for the defendants' violation of rights secured by the Civil Rights Act of 1871, 42 U.S.C. Section 1983; by the United States Constitution, including its Fourth and Fourteenth Amendments; by Title II of the Americans with Disabilities Act ("ADA"), 42 U.S.C. §§ 12101-12213; by the Rehabilitation Act of 1971 ("Section 504"), 29 U.S.C. § 794; by the laws and Constitution of the State of New York; and the New York City Human Rights Law. The plaintiff seeks damages, both compensatory and punitive, affirmative and equitable relief, an award of costs and attorneys' fees, and such other and further relief as this court deems equitable and just.

## JURISDICTION

2. This action is brought pursuant to the Constitution of the United States, including its Fourth and Fourteenth Amendments, and pursuant to 42 U.S.C. § 1983. Jurisdiction is conferred upon this court by 42 U.S.C. § 1983, and 28 U.S.C. §§ 1331 and 1343(a)(3) and (4), this being an action seeking redress for the violation of the plaintiff's constitutional and civil rights.

3. The plaintiff further invokes this court's supplemental jurisdiction, pursuant to 28 U.S.C. § 1367, over any and all state law claims and as against all parties that are so related to claims in this action within the original jurisdiction of this court that they form part of the same case or controversy.

## JURY TRIAL DEMANDED

4. Plaintiff demands a trial by jury on each and every one of the claims pleaded herein.

## VENUE

5. Venue is proper for the United States District Court for the Southern District of New York pursuant to 28 U.S.C. § 1391 (a), (b) and (c).

## NOTICE OF CLAIM

6. Plaintiff filed a Notice of Claim with the Comptroller of the City of New York within 90 days of the events complained of herein. More than 30 days have elapsed since the filing of the Notice of Claim, and adjustment or payment thereof has been neglected or refused.

## PARTIES

7. Plaintiff FRANCISCO CASTRO is a resident of the City and State of New York. Plaintiff is now, and was at the time of the incident complained of herein, suffering from severe lower back pain which limited his physical activity and for which he was receiving medical treatment, and plaintiff is and was a qualified individual with a disability under the ADA and Section 504.

8. Defendant THE CITY OF NEW YORK is and was at all times relevant herein a municipal entity created and authorized under the laws of the State of New York. It is authorized by law to maintain a police department which acts as its agent in the area of law enforcement and

for which it is ultimately responsible. Defendant THE CITY OF NEW YORK assumes the risks incidental to the maintenance of a police force and the employment of police officers as said risk attaches to the public consumers of the services provided by them. Defendant THE CITY OF NEW YORK is a public entity for the purposes of Title II of the ADA, and is a recipient of federal monies, and therefore subject to the requirements of Section 504.

9. Defendants URENA, APOSTOLOU, DOES, and ROES are and were at all times relevant herein duly appointed and acting officers, servants, employees and agents of THE CITY OF NEW YORK and/or the New York City Police Department and/or the New York City Department of Corrections, municipal agencies of defendant THE CITY OF NEW YORK. The aforenamed defendants are and were at all times relevant herein acting under color of state law in the course and scope of their duties and functions as officers, agents, servants, and employees of defendant THE CITY OF NEW YORK, were acting for, and on behalf of, and with the power and authority vested in them by THE CITY OF NEW YORK, and were otherwise performing and engaging in conduct incidental to the performance of their lawful functions in the course of their duties. The aforenamed defendants are sued in their individual capacities, and as agents and employees of THE CITY OF NEW YORK.

## STATEMENT OF RELEVANT FACTS

10. On January 5, 2013, at approximately 10:00 a.m., plaintiff CASTRO was approached by defendants URENA, APOSTOLOU, and DOES while plaintiff was walking in the vicinity of the north east corner of Park Avenue and East 144th Street, Bronx, New York. Defendants stopped and frisked plaintiff, and recovered his medication, Alprazolam.

11. Despite plaintiff's request that he be permitted to show defendants URENA, APOSTOLOU, and DOES his prescription for the medication, defendants arrested plaintiff and charged him with criminal possession of a controlled substance.

12. At the time of his arrest, plaintiff was wearing a back brace that had been prescribed by a doctor to alleviate his back pain. While in custody at Central Booking, plaintiff removed the brace and put it under his head during the time he attempted to sleep. When awakened by defendants ROES, plaintiff attempted to put the back brace on. Defendants ROES refused to permit him to do so, and then assaulted plaintiff. Plaintiff lost consciousness as a result of the attack. As plaintiff was being taken to a holding area at Central Booking, he fell down a flight of stairs while handcuffed, losing consciousness a second time.

13. At plaintiff's arraignment in Criminal Court all charges were dismissed.

## FIRST CLAIM

### DEPRIVATION OF RIGHTS UNDER THE UNITED STATES CONSTITUTION AND 42 U.S.C. §1983

14. The plaintiff incorporates by reference the allegations set forth in all preceding paragraphs as if fully set forth herein.

15. By their conduct and actions in falsely arresting plaintiff CASTRO, using excessive force upon plaintiff, and by failing to intercede to prevent the complained of conduct, defendants URENA, APOSTOLOU, DOES, and ROES, acting under color of law and without lawful justification, intentionally, and/or with a deliberate indifference to or a reckless disregard for the natural and probable consequences of their acts, caused injury and damage in violation of plaintiff's constitutional rights as guaranteed under 42 U.S.C. § 1983 and the United States Constitution, including its Fourth and Fourteenth Amendments.

16. As a result of the foregoing, plaintiff was deprived of liberty, suffered physical injury and emotional distress, humiliation, loss of property, costs and expenses, and was otherwise damaged and injured.

## SECOND CLAIM

### LIABILITY OF THE CITY OF NEW YORK FOR CONSTITUTIONAL VIOLATIONS

17. The plaintiff incorporates by reference the allegations set forth in all preceding paragraphs as if fully set forth herein.

18. At all times material to this complaint, defendant THE CITY OF NEW YORK had de facto policies, practices, customs and usages which were a direct and proximate cause of the unconstitutional conduct alleged herein.

19. At all times material to this complaint, defendant THE CITY OF NEW YORK failed to properly train, screen, supervise, or discipline employees and police officers, and failed to inform the individual defendants' supervisors of their need to train, screen, supervise or discipline defendants URENA, APOSTOLOU, DOES, and ROES.

20. The policies, practices, customs, and usages, and the failure to properly train, screen, supervise, or discipline, were a direct and proximate cause of the unconstitutional conduct alleged herein, causing injury and damage in violation of plaintiff's constitutional rights as guaranteed under 42 U.S.C. § 1983 and the United States Constitution, including its Fourth and Fourteenth Amendments.

21. As a result of the foregoing, plaintiff was deprived of liberty, suffered physical injury and emotional distress, humiliation, loss of property, costs and expenses, and was otherwise damaged and injured.

## THIRD CLAIM

## RESPONDEAT SUPERIOR LIABILITY OF THE CITY OF NEW YORK FOR STATE LAW VIOLATIONS

22.     Plaintiffs incorporate by reference the allegations set forth in the preceding paragraphs as if fully set forth herein.

23.     The conduct of defendants URENA, APOSTOLOU, DOES, and ROES, alleged herein, occurred while they were on duty and in uniform, and/or in and during the course and scope of their duties and functions as New York City police officers, and/or while they were acting as agents and employees of defendant THE CITY OF NEW YORK, and, as a result, defendant THE CITY OF NEW YORK is liable to the plaintiff pursuant to the state common law doctrine of respondeat superior.

24.     As a result of the foregoing, plaintiff was deprived of liberty, suffered physical injury and emotional distress, humiliation, loss of property, costs and expenses, and was otherwise damaged and injured.

## FOURTH CLAIM

## ASSAULT AND BATTERY

25.     The plaintiff incorporates by reference the allegations set forth in all preceding paragraphs as if fully set forth herein.

26.     By the actions described above, defendants assaulted and battered plaintiff without any right or authority to do so. The acts and conduct of the defendants were the direct and proximate cause of injury and damage to the plaintiff and violated plaintiff's statutory and common law rights as guaranteed by the laws and Constitution of the State of New York.

27.     As a result of the foregoing, plaintiff was deprived of liberty, suffered physical injury and emotional distress, humiliation, loss of property, costs and expenses, and was otherwise damaged and injured.

## FIFTH CLAIM

## FALSE ARREST AND FALSE IMPRISONMENT

28. The plaintiff incorporates by reference the allegations set forth in all preceding paragraphs as if fully set forth herein.

29. By the actions described above, defendants falsely arrested and falsely imprisoned plaintiff without any right or authority to do so. The acts and conduct of the defendants were the direct and proximate cause of injury and damage to the plaintiff and violated plaintiff's statutory and common law rights as guaranteed by the laws and Constitution of the State of New York.

30. As a result of the foregoing, plaintiff was deprived of liberty, suffered physical injury and emotional distress, humiliation, loss of property, costs and expenses, and was otherwise damaged and injured.

## SIXTH CLAIM

## VIOLATION OF AMERICANS WITH DISABILITIES ACT, SECTION 504, AND THE NEW YORK CITY HUMAN RIGHTS LAW

31. The plaintiff incorporates by reference the allegations set forth in all preceding paragraphs as if fully set forth herein.

32. Defendants ROES failed to reasonably accommodate plaintiff's disability by failing to permit him to put his back brace on, and then assaulting him. In so doing, defendants discriminated against plaintiff because of his disability.

33. THE CITY OF NEW YORK has failed to put adequate policies and training in place concerning the requirement to reasonably accommodate an arrestee's disability during arrest processing. The failure to have adequate policies and training was the cause of damage and injury to plaintiff, in violation of the ADA and Section 504.

34. As a result of the foregoing, plaintiff was deprived of liberty, suffered physical injury and emotional distress, humiliation, loss of property, costs and expenses, and was otherwise damaged and injured.

**WHEREFORE**, plaintiff demands the following relief jointly and severally against all of the defendants:

a. Compensatory damages;

b. Punitive damages;

c. The convening and empaneling of a jury to consider the merits of the claims herein;

d. Pre- and post-judgment costs, interest and attorneys' fees;

e. Such other and further relief as this court may deem appropriate and equitable.

Dated: New York, New York
July 15, 2014

_____
MICHAEL L. SPIEGEL, Esq.
11 Park Place, Suite 914
New York, New York 10007
(212) 587-8558
*Attorney for Plaintiff*